IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SYBOUNTHANH CHANTHAPHONE,            )
                                      )
            Petitioner,               )
                                      )
      v.                              )     1:08CV903
                                      )
SUPERINTENDENT NORA HUNT,             )
                                      )
            Respondent.               )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 10, 1997, Petitioner pled guilty in the Superior Court of Guilford County to second-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury in cases 97 CRS 1344 and -1345. He was sentenced to 276 to 341 months of imprisonment. Petitioner did not file a direct appeal. On June 3, 2002, Petitioner did file a motion for appropriate relief in the trial court. When that motion was denied, he sought a writ of certiorari from the North Carolina Court of Appeals. That court denied the request on September 27, 2004. On April 1, 2008, Petitioner filed a second motion for appropriate relief. It was denied on June 12, 2008 and Petitioner again sought certiorari from the North Carolina Court of Appeals. When this request was denied on August 27, 2008, he sought certiorari from the North Carolina Supreme Court. That court denied certiorari on October 15, 2008. Finally, Petitioner filed his habeas petition with this Court. It is dated as having

been mailed on December 8, 2008, and was received by the Court on December 12, 2008.

Respondent has moved for summary judgment on the basis of the petition being filed out of time.  On January 20, 2009, Petitioner submitted a motion asking that his time to respond to the summary judgment motion be extended.  This request was stricken without prejudice on January 27, 2009 due to several deficiencies with the motion.  Despite being given a chance to refile the motion in proper form on or before February 6, 2009, Petitioner did not do so.  He also submitted no response to the summary judgment motion.  The summary judgment motion is now before the Court for a decision.

## Discussion

Respondent requests summary judgment on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA").  28 U.S.C. § 2244(d)(1).  The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing.  Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

review.  Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).  Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires.  Clay v. United States, 537 U.S. 522 (2003).

Here, Petitioner's judgment was entered on April 10, 1997.  He did not file an appeal, which means that his conviction became final ten days later on April 21, 1997.  N.C.R. App. P. 4(a)(ten days to serve notice of appeal, later amended to give a fourteen-day period).  Petitioner then had until April 21, 1998 to file his habeas petition in this Court.  Given that it was not filed until more than ten years later, the petition is well out of time.

It is true that Petitioner sought state court post-conviction review and that the one-year limitation period is tolled while state post-conviction proceedings are pending.  Harris, supra.  The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  Unfortunately, Petitioner did not seek state court collateral relief until June 3, 2002, well after his time to file his habeas petition had already expired.  Seeking review at that point could not revive or restart the time to file in this Court.  Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

In some instances, the time to file habeas claims can run from times other than the date the conviction becomes final. The only such instance arguably applicable to the present case is found in 28 U.S.C. § 2244(d)(1)(C). That subsection allows the one-year time period to run from the time that "the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's first claim for relief and his supporting memorandum show that he is basing a claim on Apprendi v. New Jersey, 530 U.S. 466 (2000), and/or Blakely v. Washington, 542 U.S. 296 (2004). Unfortunately for Petitioner, neither of these cases has been made retroactively applicable on collateral review. See United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001)(Apprendi not retroactive); Morgan v. Beck, 110 Fed. Appx. 310, 311 (4th Cir. Sept. 23, 2004)(Blakely not retroactive). Petitioner also cites to the more recent case of Cunningham v. California, 549 U.S. 270 (2007). However, this case applied Blakely and Apprendi on direct review, not collateral review. Because none of the cases cited by Petitioner apply on collateral review, he cannot base a proper claim on them. Subsection (d)(1)(C) does not apply to his first claim for relief, the petition is untimely based on the analysis set out above, and Respondent's summary judgment motion should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be granted, that the petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

                       /s/ Donald P. Dietrich
                          **Donald P. Dietrich**
                 **United States Magistrate Judge**

April 17, 2009